UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ROWLETT,

    Plaintiff,                                Hon. Janet T. Neff

v.                                                    Case No. 1:11-CV-1269

MICHIGAN BELL, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Michigan Bell's Motion to Dismiss Plaintiff's FMLA and FLSA Claims. (Dkt. #84). The parties were heard on August 20, 2012. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's Third Amended Complaint. (Dkt. #72). Plaintiff began working for Michigan Bell on March 31, 2003. While employed by Michigan Bell, Plaintiff was a member of the Communication Workers of America (CWA) union. As of March 31, 2009, Plaintiff was an eligible employee as defined by the Family and Medical Leave Act (FMLA) and was an eligible, non-exempt, employee as defined by the Fair Labor Standards Act (FLSA).

On March 31, 2009, Plaintiff notified Michigan Bell that he desired to take FMLA leave. This request was denied on April 2, 2009. On April 14, 2009, Plaintiff received a three-day suspension.[1]

---

[1] Plaintiff does not articulate in his Third Amended Complaint the basis or rationale for this suspension.

On May 14, 2009, Plaintiff was "terminated without just cause." Plaintiff filed grievances to his union regarding his suspension and termination. Plaintiff was reinstated to his position on August 17, 2009. Two days later, however, Plaintiff was informed that "he had to sign the settlement offer or leave the building."[2]

Plaintiff continued to request FMLA leave through October 30, 2009, but such requests were denied. Plaintiff was again terminated by Michigan Bell without just cause on December 18, 2009. An arbitration hearing, presumably concerning Plaintiff's termination, was conducted on February 23, 2011. While not clearly articulated in Plaintiff's Third Amended Complaint, it appears that Plaintiff was ultimately unsuccessful in regaining his job with Michigan Bell. With respect to this arbitration hearing, the union acted in "bad faith" and was "grossly negligent" in "the handling of Plaintiff's meritorious grievance." The union "without reason or cause. . .irrationally and capriciously failed to investigate Plaintiff's grievance fully." Moreover, the union "failed to present important evidence to the arbitrator and. . .made no arguments on the Plaintiff's behalf." Plaintiff's "reputation for being an outspoken critic of the union caused. . .the union's failure to adequately perform its duties." Plaintiff further alleges that Michigan Bell failed to pay him for "the hours of preparatory work booting up [his] computer" as well as "post scheduled hours worked" in violation of the FLSA.

Plaintiff initiated the present action against Michigan Bell and Local 4123 of the Communication Workers of America. Plaintiff alleges that Michigan Bell violated his rights under the FMLA and FLSA. Plaintiff also alleges that, by terminating his employment without just cause, Michigan Bell violated the terms of his employment contract. Plaintiff further alleges that the

---

[2] Plaintiff does not articulate in his Third Amended Complaint the nature of this "settlement offer" nor does Plaintiff indicate whether he signed or agreed to such offer.

Communication Workers of America union failed to satisfy its duty of fair representation to him. Defendant Michigan Bell now moves to dismiss Plaintiff's FMLA and FLSA claims for failure to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not

> unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.    **Fair Labor Standards Act (FLSA)**

As noted above, Plaintiff alleges that he worked an unspecified number of hours for which he was not paid in violation of the FLSA. Defendant Michigan Bell argues that it is entitled to relief because Plaintiff's claim is untimely. The Court agrees.

Under the Fair Labor Standards Act, an action "to recover unpaid compensation" must be initiated "within two years after the cause of action accrued," unless the cause of action arose "out of a willful violation," in which event the action must be commenced "within three years after the cause of action accrued." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (quoting 29 U.S.C. § 255(a)). An employer commits a "willful" violation under the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 473-74 (6th Cir. 1999) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985)).

Plaintiff alleges in his Third Amended Complaint that he performed various services for Defendant Michigan Bell, for which he was not paid, between the dates of November 2, 2008, through March 30, 2009. A cause of action for unpaid compensation accrues, as a general rule, "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Hughes*, 542 F.3d at 187. Plaintiff has not alleged the frequency with which he was paid while employed by Michigan Bell. While it is almost certain that Michigan Bell paid its hourly employees weekly or bi-weekly, the possibility exists that Plaintiff was instead paid monthly. Thus, giving Plaintiff the benefit of the doubt on this issue, his FLSA cause of action arose no later than April 30, 2009. Plaintiff initiated the present action in state court on November 2, 2011. Thus, unless Plaintiff has sufficiently alleged that Michigan Bell willfully violated his rights under the FLSA, Plaintiff's claim under the FLSA is barred by the statute of limitations.

As Defendant correctly argues, while Plaintiff makes the conclusory assertion that Michigan Bell acted willfully, Plaintiff has failed to allege any facts which would establish such. Moreover, as Defendant further observes, any allegation that it acted willfully is belied by Plaintiff's

assertion in his Third Amended Complaint that Michigan Bell acted with "negligence" when it failed to pay him for the hours in question. As the Supreme Court has made clear, to survive a motion to dismiss for failure to state a claim, a complaint must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" With respect to whether Defendant Michigan Bell acted willfully, the allegations in Plaintiff's Third Amended Complaint are wholly inadequate. Thus, Plaintiff's FLSA claim is subject to the two-year statute of limitations. Because Plaintiff initiated this action well after the expiration of the relevant limitations period, the undersigned recommends that Defendant Michigan Bell's motion to dismiss Plaintiff's FLSA claim be granted.

**II.        Family and Medical Leave Act (FMLA)**

As previously noted, Plaintiff alleges that, between March 31, 2009, and October 30, 2009, Defendant Michigan Bell improperly denied his requests for accommodation under the FMLA. Defendant argues that it is entitled to relief because Plaintiff's claim is untimely. The Court agrees.

An action to assert rights under the Family and Medical Leave Act must be initiated "not later than two years after the date of the last event constituting the alleged violation for which the action is brought." *Finnerty v. RadioShack Corp.*, 390 Fed. Appx. 520, 527 n.1 (6th Cir., Aug. 5, 2010) (quoting 29 U.S.C. § 2617(c)(1)). As with claims under the FLSA, however, claims alleging a willful violation of the FMLA "may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." *Finnerty*, 390 Fed. Appx. at 527 n.1(quoting 29 U.S.C. § 2617(c)(1). An employer commits a willful violation of the FMLA "when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).

While Plaintiff initiated the present lawsuit on November 2, 2011, he did not assert in his original complaint a claim for violation of the FMLA. Plaintiff did not assert an FMLA claim until submitting his Second Amended Complaint on February 28, 2012. As previously noted, the conduct on which Plaintiff's FMLA claim is premised occurred between March 31, 2009, and October 30, 2009. Thus, unless Plaintiff has sufficiently alleged that Michigan Bell willfully violated his rights under the FMLA, Plaintiff's claim under the FMLA is barred by the statute of limitations.

Again, while Plaintiff makes the conclusory assertion that Michigan Bell acted willfully, Plaintiff has failed to allege any facts which would establish such. Moreover, any allegation that Defendant acted willfully is belied by Plaintiff's assertion that Michigan Bell acted with "negligence" when it violated his FMLA rights. As previously noted, to survive a motion to dismiss for failure to state a claim, Plaintiff's complaint must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" With respect to whether Defendant Michigan Bell acted willfully, the allegations in Plaintiff's Third Amended Complaint are insufficient. Thus, Plaintiff's FMLA claim is subject to the two-year statute of limitations. Because Plaintiff initiated this action after the expiration of the relevant limitations period, the undersigned recommends that Defendant Michigan Bell's motion to dismiss Plaintiff's FMLA claim be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Michigan Bell's Motion to Dismiss Plaintiff's FMLA and FLSA Claims</u>, (dkt. #84), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date:  October 4, 2012                             /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge